**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**TERRANCE GRAHAM**                                                    **PETITIONER**

**v.**                                                                        **No. 4:13CV84-A-A**

**JAMES MOORE**                                                       **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Terrance Graham for a writ of

*habeas corpus* under 28 U.S.C. § 2254.  The State has moved to dismiss the petition for failure to state

a claim upon which relief could be granted.  Graham has not responded, and the deadline for response

has expired.  The matter is ripe for review.  For the reasons set forth below, the State's motion to

dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed for

failure to state a claim upon which relief could be granted.

**Facts and Procedural Posture**

Terrance Graham is incarcerated in the Bolivar County Correctional Facility in Cleveland,

Mississippi, under the supervision of Thomas Taylor, Warden.  On September 20, 2011, he was

indicted for one (1) count of attempted rape in Bolivar County Circuit Court, Mississippi (Circuit

Court Case No. 2011-089-CR2).  The docket for the case, as provided by the Bolivar County Circuit

Clerk's Office, shows an order filed on February 20, 2013, denying a motion to withdraw counsel, in

which Graham attempted to dismiss his court appointed attorney without good cause.  The Mississippi

Supreme Court Clerk's Office does not show any filings from Graham.

On May 7, 2013, Graham filed the instant federal petition for a writ of *habeas corpus* in which

he raises the following grounds *pro se*:

> **Ground One**. They trying to charging [sic] me for something I didn't do kidnaping.
>
> **Ground Two**. How can I rape somebody without the DNA test because I know I
> didn't rape know [sic] body.
>
> **Ground Three**. How can you rape someone when I have not put my hands on that
> person.

**Ground Four**: I don't know what assault with intent to ravish means at all.

Graham's request for relief reads as follows:

> I need the courts to help me get to the Mississippi State Hospital because it is court order for me to go I have been in jail for 2 years I just need my help from the state hospital think [sic] you. And my bond is 75000 dollars if you can please help me get a lower bond until I go to the hospital think [sic] you. Or throw case out.

ECF, Doc, 1, p. 8. Graham has not been convicted and sentenced; as such, he is not yet a state inmate, but a pretrial detainee, and the petition is one the court must review under 28 U.S.C. § 2241.

A pretrial detainee has a right to seek federal *habeas corpus* relief. *Braden v. 30 Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488, 489, 93 S.Ct. 1123 (1973). "[F]ederal *habeas corpus* does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id*. at 489. A petitioner may not derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id*. at 493. In addition, there is "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d at 1280, 1283 (5 Cir. 1976).

Generally, there are two types of relief sought by a prisoner who asserts a pretrial habeas corpus petition:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Id*. (emphasis added). "In other words, a federal court may generally consider a *habeas* petition for pretrial relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him." *Greer v. St. Tammany Parish Jail*, 693 F. Supp. 502, 508 (E.D. La.

1988). A petitioner who tries to prevent the prosecution of his case seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Brown*, 530 F.2d at 1282-83; *Braden*, 410 U.S. at 489.

In this case, Graham asks that he be moved to the state hospital, have his bond lowered, and have the charge dismissed. These requests for relief "[are] not attainable through federal *habeas corpus*." *Brown*, 530 F.2d at 1283. As such, Graham's request for *habeas corpus* relief is available only under "special circumstances." *See Dickerson v. State*, 816 F.2d 220, 227 (5th Cir. 1987)(citations omitted). The Fifth Circuit rejected the petitioner's analysis that the Sixth Amendment right to a speedy trial was a *per se* "special circumstance." *Id.* "[T]o do so would eliminate the careful distinction drawn by the court in *Braden* and reiterated in cases like *Brown and Atkins [v. People of State of Mich.*, 644 F.2d 543, 546-47 (6th Cir. 1981)]] between a defendant disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial." *Id.* In the instant petition, Graham does not argue that "special circumstances" warrant disruption of the state's judicial process. As such, the instant petition should be dismissed with prejudice for failure to state a claim upon which *habeas corpus* relief may be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 26th day of November, 2013.

 **/s/ Sharion Aycock**
 **U.S. DISTRICT JUDGE**